[Smith, J.
The omission of those words, in the condition of the bond, subjected the defendant to no additional inconvenience ; nor did it render him liable to any penalties, or subject him to any other disabilities. Nor can I see how it, in any degree, altered the proof. It had all the solemnities of attestation, signature, and official authenticity from the treasury department. The omission of a word, which, at most, appears to be redundant, could not destroy its identity. If then it was the same bond, which the defend, ant, and his securities executed, the objection could not be valid. If this had been a bond imposing duties not required by law, and for an omission of those duties, the sheriff had been sued, he might then, with a good grace, have claimed the protection of this court," to relieve him from oppression. But when a sheriff has been for-getffil of his oath of office, the sacred character of a public officer, as well as of every moral and social duty ; and with a prodigal hand, has laid hold of all the monies he could officially grasp, and has idly wasted it in his amusements, or his follies, without the least regard to justice, or of the honest men he hath defrauded ; he ought to catch at more than a shadow, before he can expect legally to shield himself from a fair retribution. I am, therefore, against the motion.]
Motion refused.